# Vollmer *v.* Simon.

*Judgment—Marking judgment to use—Evidence—Competency of witness—Party dead.*

Where the record of a judgment against two defendants shows that the judgment had been marked to the use of a son of one of the defendants in the latter's lifetime, and the evidence of disinterested parties shows that the judgment was marked to the use of the son to keep it alive, and that the father was not indebted to the son, the son cannot avail himself of the judgment. In such a case, the father being dead, the son is not a competent witness.

Argued March 20, 1900. Appeal, No. 24, Jan. T., 1900, by defendant, from decree of C. P. No. 2, Phila. Co., Dec. T., 1897, No. 1114, on bill in equity, in case of Matthew Vollmer and John F. Pole, executors of Frederick Simon, Sr., deceased, v. Frederick Simon, Jr. Before GREEN, C. J., DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity to compel defendant to mark a judgment to another person for the use of plaintiffs. Before WILTBANK, J.

From the record it appeared that on September 13, 1893, a judgment was entered in the court of common pleas No. 4, of Philadelphia county, by Joseph F. Porter against Frederick Simon, Sr., and William Simon. In May, 1895, Porter required payment of the judgment, and William Simon alleging his inability to pay, Frederick Simon, Sr., paid the same with interest and costs. He was advised by his attorney not to have the judgment satisfied but to have it marked to the use of some one in whom he had confidence in order to enable him to secure payment from William Simon. It was accordingly marked to the use of his son, Frederick Simon, Jr. Frederick Simon, Sr., having died, his executors filed a bill in equity against Frederick Simon, Jr., praying that he assign the judgment for the use of the plaintiffs. The answer of the defendant alleged that the judgment was marked to his use in consideration of a debt due him for services rendered in negotiating a sale of real estate for his father. The other facts in the case appear by the opinion of the Supreme Court.

A decree was entered in accordance with the prayer of the bill.

VOL. CXCVI—31

*Error assigned* was in not dismissing the bill.

*W. Horace Hepburn*, with him *Joseph A. Robbins*, for appellant.

*E. Hunn Hanson*, for appellees.

OPINION BY MR. CHIEF JUSTICE GREEN, May 23, 1900:

It is beyond all question, upon testimony entirely uncontradicted, that the judgment in controversy was marked to the use of the defendant, upon the advice of counsel merely to place it in that position for the protection of Frederick Simon, Sr., who had paid the judgment debt being the debt of William Simon, the codefendant in the judgment. The testimony proves most conclusively, that the defendant was not consulted in regard to the transaction; that he had no knowledge of it until after the death of his father; and it is certainly true that there is no lawful testimony in the case to prove that the judgment was marked to the use of the defendant, in consideration of any indebtedness of the defendant's father to him. His own assertion to such effect is of no account whatever, as he was utterly incompetent to testify on that subject, and his testimony to create such proof was objected to on the ground of his incompetency and was rejected by the court. The fact that he made such a statement surreptitiously and without legal sanction, in the course of his examination on other subjects is nothing better than a fraud upon the court, and is of course not entitled to the least consideration. It was properly rejected by the court in the ultimate disposition of the case, and the cause is to be determined without any reference to it. But there was a still more serious objection to the defendant's testimony on this subject. It was not credible, it was not believed by the learned court below, and it is not believed by this court. It is simply impossible to read the testimony of Mr. John Adams who acted as counsel for Frederick Simon, Sr., in conducting the transaction which resulted in marking the Porter judgment to the use of Frederick Simon, Jr., and was a perfectly disinterested witness, and give any credence to the story set up by the defendant that the transfer was made in payment of a debt owing to the defendant by his father. After the witness had

stated all the circumstances as to how the transfer came to be made, showing conclusively that neither Frederick Simon, Jr., nor any interest or claim of his, had anything to do with the transfer, or that any knowledge of it was communicated to him, and that he was simply designated by his father to receive the transfer and hold the legal title to the judgment in trust for his father, he was asked to state distinctly the object and purpose of the transfer. He testified in reply thus: " The object of doing that was to take care of the interest of Frederick Simon, Sr.; it was never understood or thought that Frederick Simon, Jr., had any interest in this at all, any beneficial interest; merely that he held as it were, the title for his father, because the father did not wish to appear on the record as satisfying a judgment, or satisfying an obligation, which William Simon owed him, and he wanted to keep that alive as an evidence of the debt." The other testimony for the plaintiffs, as to what took place after the death of Frederick Simon, Sr., when the defendant was informed of the transfer of the judgment to him, is highly corroborative of the testimony of Mr. Adams, and the confused and contradictory testimony of the defendant himself, as to when he first knew of the transfer also confirmed strongly the testimony of Mr. Adams. He was asked by his own counsel: " Q. Mr. Adams has testified that at the time this release was drawn you came to his office and did not seem to know that this judgment had been marked to your use, is that correct? A. Yes, sir. Q. That you did not seem to know that this judgment was marked to your use; that you did not know; is that correct? A. That I did not know it? Q. Yes. A. Well Mr. Adams told me it was. . . . Q. Mr. Adams has said that when you called upon him, after your father's death, that you said that you did not know that it had been marked to your use; is that correct? A. I don't know."

He afterwards said that Adams told him that the judgment was transferred for him, that his father had given him the judgment instead of money, that he could not pay the money. But Mr. Adams being called in rebuttal most positively and emphatically denied that any such conversation had taken place. He said, " Nothing of that kind was said whatever. Mr. Simon knew nothing at all about this judgment when he came to the office until I had explained it to him." It is not necessary to

pursue the discussion. The findings of fact by the learned court below were clearly justified by the testimony. The conclusions of law also were manifestly correct, and the decree made was entirely just and proper in every respect. The assignments of error are dismissed.

Decree affirmed and appeal dismissed at the cost of the appellant.